THOMPSON, Judge,
concurring in part and dissenting in part.
In relevant part, Ex parte Cranman provides:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
[[Image here]]
“5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in ... educating students.”
792 So.2d 392, 405 (second emphasis added). The State agent bears the burden of establishing that his or her conduct was shielded by Cranman. Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003). If the State agent makes such a showing, the burden of proof then shifts to the injured plaintiff to rebut that showing. Giambrone v. Douglas, supra; and Ex parte Wood, 852 So.2d 705 (AIa.2002). The immunity afforded a State agent who exercises his or her judgment in the education of students and the supervision of personnel is not abrogated based on negligent *1130 and wanton conduct; instead, immunity is withheld only upon a showing by the injured plaintiff that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. Giambrone v. Douglas, supra.
Our supreme court has discussed the phrase “exercising judgment” in several recent cases. See Ex parte Nall, 879 So.2d 541, 545 (Ala.2003) (holding that baseball coaches were “exercising judgment,” and, therefore, shielded by Cran-man, while conducting a baseball practice in which a player was hit in the head by a ball); Giambrone v. Douglas, 874 So.2d at 1052-54 (holding that a wrestling coach was “exercising judgment” while conducting wrestling practice; however, the wrestling coach was not protected by Cranman because he was acting contrary to clearly established guidelines when he accidently paralyzed a team member during a “challenge match,” and, therefore, his conduct fit within an exception to the test articulated in Cranman); Ex parte Spivey, 846 So.2d 322 (Ala.2002) (holding that a shop teacher was shielded from liability for injuries sustained by a student as a result of the teacher’s allowing the student to use equipment without a safety guard); and Ex parte Blankenship, 806 So.2d 1186 (Ala.2000) (holding that a high-school band director was shielded by Cranman after the statutory rape of a student by a non-student who the teacher had allowed to participate in the band).
In the present case, Starkey is a school employee whose job involves the care and education of special-needs students. Starkey’s affidavits in support of her motion for a summary judgment asserted that she was acting within the line and scope of her employment and that she was acting according to her training. In my opinion, Starkey, through her affidavits, met her burden of invoking the protections of Cranman, and the burden of proof then shifted to the plaintiffs. See Giambrone v. Douglas, 874 So.2d at 1052. The plaintiffs presented no evidence to indicate that Starkey had acted willfully, maliciously, fraudulently, in bad faith, or beyond her authority. Id. Because the plaintiffs presented no evidence to the trial court, it cannot be said that the plaintiffs rebutted Starkey’s showing. See Giambrone v. Douglas, 874 So.2d at 1052; see also Ex parte Cranman, 792 So.2d at 405.
I find the trial court’s summary judgment in favor of Starkey to be appropriate under the facts of this case, and that the judgment is due to be affirmed. Therefore, I respectfully dissent from the main opinion insofar as it reverses the trial court’s summary judgment in favor of Starkey. I concur with the main opinion in all other respects.